E.M.E. ENTERPRISES, INC., Plaintiff-Appellee, v. ANVIL BRAND SHOE COMPANY, INC., *et al.*, Defendants-Appellants.

Fourth District No. 4—92—0058

Opinion filed June 30, 1992.

Maurice J. Barry, of Ostling, Ensign, Barry & Glenn, of Bloomington, for appellants.

Marvin H. Gesell, of Bloomington, for appellee.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

This procedural morass arises under the provisions of the Uniform Enforcement of Foreign Judgments Act (Act) (Ill. Rev. Stat. 1989, ch. 110, pars. 12—601 through 12—617), which has since been repealed and its provisions rewritten (Pub. Act 87—358, eff. September 9, 1991 (1991 Ill. Laws 1921-22); see Ill. Rev. Stat. 1991, ch. 110, pars. 12—627 through 12—634). Section 12—603 of the Act provided for the filing in the circuit court of a petition for registration of the judgment of another State or territory or a Federal judgment and states that "[t]he filing of the petition constitutes registration of the foreign judgment." (Ill. Rev. Stat. 1989, ch. 110, par. 12—603; as rewritten, see Ill. Rev. Stat. 1991, ch. 110, par. 12—628.) Section 12—607 of the Act stated if the court, after hearing, refused "to set aside the registration, the registered judgment shall become a final judgment of the court in which it is registered, binding personally upon the defendant." Ill. Rev. Stat. 1989, ch. 110, par. 12—607 (repealed).

On July 17, 1991, plaintiff E.M.E. Enterprises, Inc., filed a petition in the circuit court of McLean County to register a judgment of the Court of Common Pleas of Allegheny County, Pennsylvania, in the sum of $17,929.68 in plaintiff's favor and against defendants Anvil Brand Shoe Co. and John Claudon. On August 29, 1991, the defendants filed a document entitled "MOTION TO DISMISS PETITION TO REGISTER FOREIGN JUDGMENT." On September 4, 1991, an order was entered stating that after a hearing, the motion was de-

nied. Various supplementary proceedings took place. On December 6, 1991, defendants filed another motion to dismiss the petition for registration. An order was entered on December 12, 1991, which indicated that, as to the defendant Claudon, a hearing was held on a motion "to dismiss the foreign judgment" because the Pennsylvania court lacked jurisdiction to enter the judgment upon which the instant petition for registration was based. The circuit court denied that motion upon the ground that it was not verified.

On December 26, 1991, defendants filed a petition seeking leave to appeal to this court from the order of December 12, 1991, denying defendants' motion to dismiss. This petition was based upon Supreme Court Rule 306(a)(1)(iii), which permits the appellate court to grant leave to appeal orders "denying a motion to dismiss on the grounds that the defendant has done nothing which would subject him to the jurisdiction of the Illinois courts" (134 Ill. 2d R. 306(a)(1)(iii)). On January 10, 1992, this court allowed defendants' motion to dismiss their petition for leave to appeal.

On January 14, 1992, defendants filed a document entitled "POST TRIAL MOTION," requesting the circuit court to reconsider its order of December 12, 1991, denying defendants' second petition seeking dismissal. The common law record presented indicates this motion was actually heard and denied on January 10, 1992. On January 14, 1992, defendants filed a notice of appeal from the January 10, 1992, order denying their post-trial motion.

On appeal, defendants maintain that the petition for registration should have been denied because (1) petitioner did not comply with section 12—603 of the Act because the petition was not verified; and (2) petitioner failed to show that the Pennsylvania court had jurisdiction of the person of the defendants when it entered the money judgment against them. Plaintiff maintains that we have no jurisdiction over this appeal, and that if we do (1) its petition to register was verified; and (2) defendants had the burden of showing any lack of personal jurisdiction over them in regard to the Pennsylvania judgment.

■■ ■ We agree with plaintiff that we have no jurisdiction of this appeal, because the circuit court order of September 4, 1991, denying defendants' motion to dismiss was a final order disposing of the case and appealable as a matter of right pursuant to Supreme Court Rule 301. (134 Ill. 2d R. 301.) No additional motion was made by defendants to set aside that order within 30 days thereafter, and the court lost jurisdiction to modify the order. (Ill. Rev. Stat. 1989, ch. 110, par. 2—1203(a).) No motion for extension of time to file notice of appeal pursuant to Supreme Court Rule 303(e) was ever presented to this

court. (134 Ill. 2d R. 303(e).) Thus, defendants failed to comply with the requirement of Supreme Court Rules 303(a)(1) and (a)(2) (134 Ill. 2d Rules 303(a)(1), (a)(2)) that notice of appeal from a final judgment must usually be filed within 30 days of the entry of the judgment when no timely post-hearing motion has been filed.

Ordinarily, the denial of a motion to dismiss is not a final order. However, as we have indicated, section 12—603 of the Act provided that the filing of the petition to register "constitutes registration of the foreign judgment." (Ill. Rev. Stat. 1989, ch. 110, par. 12—603.) Section 12—607 of the Act then stated that a refusal "to set aside the registration" becomes "a final judgment." (Ill. Rev. Stat. 1989, ch. 110, par. 12—607.) A motion to dismiss the petition for registration after registration has taken place can only be construed as a request "to set aside the registration" which, upon denial, creates a "final judgment."

No argument is made here that anything that happened more than 30 days after the entry of the September 4, 1991, order revested the circuit court with jurisdiction to hear further motions by defendants. Accordingly, we dismiss the appeal.

Appeal dismissed.

McCULLOUGH and LUND, JJ., concur.